SAMUEL COLT *vs.* WILLIAM H. MILLER.

A declaration that the plaintiff had performed his part of a mutual executory agreement is not supported by proof that the defendant had waived such performance.

ASSUMPSIT on a special contract to perform certain work for the plaintiff within a stipulated time, and upon materials to be furnished by the plaintiff. The declaration alleged that the plaintiff furnished the materials to the defendant within the stipulated time, but that the defendant abandoned his contract, and the plaintiff was obliged to employ others, and was otherwise damnified. The case was tried in the court of common pleas before *Hoar*, J.

The plaintiff offered evidence tending to show that soon after the date of the contract, the defendant commenced doing the work, and employed from ten to twelve hands to assist him; that it was not completed at the time stipulated, but the defendant continued to work upon it with his men for several months' longer, when he left it incomplete, and the plaintiff employed men to finish it.

The defendant offered evidence tending to show that the plaintiff did not furnish him with forged work for making the articles mentioned in the contract, as he had engaged to do, in sufficient season to enable him to complete it at the stipulated time. And that the lock frames mentioned in the contract were not prepared till after the defendant left the work. Also that a considerable part of the work was to be done on the plaintiff's milling machines, situated in his factory, and that these machines were so much used by the plaintiff's other hands in the factory that the defendant could not have them to use as much as they were needed by him to do his work in season, and that this increased the expense and delay of the work.

The defendant contended that if the jury were satisfied that he was prevented from completing the work at the time stipulated, by the neglect of the plaintiff to furnish him either with

materials or machinery, according to the plaintiff's contract, then the plaintiff's declaration was not sustained, and the judge ruled that this would be so if the defendant had chosen to take advantage of it, and had not waived the performance of these conditions. But the judge instructed the jury that although they might be satisfied that the work was not done at the time stipulated in the contract, on account of the fault or neglect of the plaintiff, yet if the defendant continued to work upon the job, and treated the contract as a subsisting contract, it was evidence tending to show that the defendant had waived his rights in this respect; and that if they believed upon the whole evidence in the case, there was such waiver, and that the parties understood that the contract continued in force, and the time of the performance only was waived, and the defendant left the job incomplete several months' afterwards, without a reasonable cause existing at the time, and without the consent of the plaintiff, the plaintiff's declaration was sustained.

The jury found a verdict for the plaintiff, and the defendant excepted to the foregoing rulings and instructions.

*R. A. Chapman,* for the defendant.

*H. Morris,* for the plaintiff.

1. The ruling of the court as to the effect of waiver was correct. *Thayer* v. *Wadsworth,* 19 Pick. 349; *Baker* v. *Mair,* 12 Mass. 121; *Flagg* v. *Dryden,* 7 Pick. 52; *Betts* v. *Perrine,* 14 Wend. 219.

2. The allegations of the declaration are well supported by the evidence. *Taunton Bank* v. *Richardson,* 5 Pick. 436; 2 Stark. Ev. 274, note, 1; *Norton* v. *Lewis,* 2 Conn, 478.

METCALF, J. The plaintiff's declaration sets forth an executory agreement of the defendant to do certain work for a certain sum, and within a certain time, on materials to be furnished by the plaintiff, and alleges that the plaintiff did furnish the materials to the defendant in season for him to complete the stipulated work within the stipulated time. And the question is, whether this declaration was legally proved by evidence that the plaintiff furnished the materials to the defendant, but not in season for him to complete the work

Colt *v.* Miller.

thereon according to the agreement, and that the defendant nevertheless received and worked on them. We are of opinion that it was not; but that there was a fatal variance between the allegation and the proof.

It is a cardinal rule of evidence, that allegations essential to the plaintiff's claim must be proved. In the declaration in this case, it was essential, in order to show the plaintiff's claim, that he should allege that he furnished or was ready to furnish the defendant with the materials on which he was to work, and in season for him to complete the work on them within the stipulated time; or else that he should allege a sufficient excuse for not so furnishing them. 1 Chit. Pl. (6th Am. ed.) 351, 358; 6 Greenl. 111, 112; 2 Met. 502, 503. The plaintiff has adopted the former course, and has alleged his performance of what the agreement required of him; and to prove this allegation, he relies on evidence of matter which excused him from such performance, to wit, a waiver thereof by the defendant. But a waiver, by one party to an agreement, of the performance of a stipulation in his favor, is not a performance of that stipulation by the other party. It is an excuse for non-performance, and, as above stated, should be so pleaded.

The ground taken by the plaintiff is, that the defendant, by his conduct, waived his right to be furnished with the materials according to the agreement, and that proof of such waiver supports the averment that the plaintiff did furnish them according to the agreement. And two cases were cited. in which it was held that, in an action by the indorsee of a note against the indorser, the allegation, that notice was given to the defendant of non-payment by the promisor, was supported by proof that the defendant waived such notice. Those decisions have often been questioned, and are certainly contrary to the law as held in England. *Burgh* v. *Legge*, 5 Mees. & Welsb. 418; Chit. on Bills, (10th Am. ed.) 577. But supposing them to have been rightly decided, they only show a single exception to an established rule.

*New trial granted.*